UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES K. DOWELL,

       Petitioner,

  v.                                   Case No. 05-C-0616

CATHY JESS and
MATTHEW J. FRANK,

       Respondents.

**ORDER**

On June 7, 2005, James K. Dowell filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of kidnaping, armed robbery, and first-degree sexual assault and was sentenced to eighty years imprisonment. He is currently incarcerated at Dodge Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner presents two claims in his petition. He first claims that the DNA evidence used to convict him was obtained in an illegal search and seizure. He also claims that the revocation of his parole was arbitrary and unjust. Whatever the merits of these claims may be, they are very different from the claims petitioner presented to the state courts on his direct appeal. Petitioner's direct appeal challenged the trial court's acceptance of stipulations he refused to sign and its decision to dismiss a juror for cause. (Pet. at 3; Exs.) Petitioner does not present either of these claims in his petition.

A petition for a writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Closely related to the doctrine of exhaustion is the doctrine of procedural default. The procedural default doctrine, which like the exhaustion doctrine is grounded in principles of comity, federalism, and judicial efficiency, *Dretke v. Haley*, 541 U.S. 386, 388 (2004), normally will preclude a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 & n. 1 (1991); *Harris v. Reed*, 489 U.S. 255, 263 & n. 9 (1989); *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir.2004). Thus, when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 853-54.

As noted above, petitioner failed to present either of his instant claims to the state courts on direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181 (1994), makes it clear that postconviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues which either were or could have been litigated on direct appeal, effectively precluding further state review. Thus, petitioner has procedurally defaulted on both of the claims presented in the petition.

A procedural default will bar a federal court from granting relief on a habeas claim unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977), or convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). To establish cause for his default, a petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court. *Murray*, 477 U.S. at 488, 492. To

3

establish prejudice, he "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). If the petitioner cannot show cause and prejudice but instead seeks to overcome his procedural default by establishing the prospect of a miscarriage of justice, then he must demonstrate that he is actually innocent of the crime for which he was convicted–that is, he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court. *Schlup v. Delo*, 513 U.S. 298, 327- 29 (1995).

Here, petitioner has made no effort to show either that cause and prejudice for his default exist or that a failure to excuse that default would lead to a miscarriage of justice. Review of the petition and the supporting documents reveals no external impediment that might have prevented petitioner from presenting his claims on direct appeal. Nor does it convince the court that petitioner is actually innocent of the crimes of which he was convicted. For these reasons, the court cannot relieve petitioner from his default and must dismiss the petition.

**THEREFORE, IT IS ORDERED** that the petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   3rd   day of October, 2005.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge